U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Oct 04 2022

CAROL L. MICHEL
CLERK

SCANNED at LSP and Emailed

10-4-22 by CB . 6 pages
date    initials   No.

**RECEIVED**

OCT 0 4 2022

Legal Programs Department

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NO: 21-2146  Sec "A" (5)

BICKHAM  LARRY
                              , PETITIONER
                    VS.
STATE OF LOUISIANA
                              PETITIONER

FILED:_____,_____CLK.

<u>WRITTEN OBJECTIONS</u>

NOW INTO COURT, comes Petitioner a pro se litigant in proper person, respect-
fully submitting this "written objection" to the proposed finding and recommen-
dation of the magistrate on Sept. 16  2022.

1.

This criminal matter gained its inception on or about Oct. 10,15. when peti-
tioner was arrested and charged with cruelty to a juvenile, two counts in the
twenty second judicial district court, St. Tammany Parish, State of Louisiana.
After trial by jury he was convicted as charged by a non-unanimous jury. He was
adjudicated a fourth felony offender and sentenced to serve life imprisonment
without benefit of parole, probation or suspension of sentence.

2.

Petitioner's appeals were affirmed by the state courts. His post conviction
relief was denied by the trial court, the state court of appeals and the Loui-
siana Supreme Court, and now the federal district court has recommended that
petitioner's federal application for Habeas relief be denied with prejudice.

1.

TENDERED FOR FILING

OCT 0 4 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

3.

Petitioner now respectfully files written objections to the proposed findings by the U.S. Magistrate for the following reasons:

Petitioner submitted five claims for federal habeas corpus relief: 1)The Evidence was legally insufficient to convict him and the trial court failed to instruct the jury on relevant drug testing law and requirements, which deprived him of his right to due process and an informed, fair and legally sufficient  jury verdict. 2) The trial court improperly suppressed evidence and denied him due process and a fair trial and the ability to present a defense by making improper evidentiary rilinds limiting or restricting defense evidence; 3) Prosecutorial Misconduct involving the existence of undisclosed deals with state witnesses and improper inducements violated his rights to due process; 4) Prosecutorial Misconduct in obtaining, reviewing and using defense counsel's defense work product denied him a fair trial; 5) Corrupt and coercive evidence and the case built againt him supports his arguments that there was an underlying plot by Gauthier to obtain custody of N.B. Claims One and Five were addressed together to the extent they touch on the sufficiency of the evidence.

Larry Bickham specifically objects to the proposed findings, conclusions, and recommendation  in the magistrate's report.

Claim 1 and 5:

The state court record shows, and no one disputes, that from its inception the case investigation was admittedly mishandled. The original detective assigned to the case neglected it and no investigation was conducted for more than a year.

2.

After that lengthly delay, the case was ultimately reassigned to a detective who had a past undisclosed extramarital affair and lengthy close relationship with the State's key witness. As a result the State hired an investigator Judith Kovacevich with the District Attorneys Office to independently investigate the facts of the case. The state filed a lengthly notice of disclosures furnishing the defense with unexpected information involving the investigation, witnesses and defense counsel that the prosecution was made aware of during the proceedings. Defense counsel Brian Dragon, who tried the case with Nick Noriea Jr. denied any alleged impropriety. Petitioner waived all potential conflicts of interest with Dragon and chose to proceed with the representation. The inappropriate relationship between the lead detective and key witness was disclosed after the police investigation was completed, but before trial. Petitioner evidently sought to report the unethical case investigation (evidence by Gauthier's taped conversations with Detective Irwin contained on a flash drive in defense counsel's possession.  Petitioner requested his  file from defense counsel, who provided the entire file, including his own work product which petitioner gave to the "Concerned Citizens of St. Tammany Parish," who in turn provided it to the Slidell Police Department, who then provided it to the St. Tammany Parish District Attorney's Office.

The state argues for procedural default. However the majestrate rejected it and said not a single court cited a state procedural rule as grounds for deny-

3.

ing relief. The magistrate declined to engage in a convoluted analysis unsupported by federal law that would require looking through state court judgments to a response in opposition filed in a state post conviction proceeding for the purpose of finding and applying state procedural bars to reject a petitioner's federal habeas claims as procedurally defaulted. Instead the magistrate considered the State's alternative arguments for rejecting petitioner's claims on the merits.

The magistrate rejected claims one and five and petitioner argues that  the magistrate had to take several leaps of logic to reach the proposed findings. It is respectfully argued that at the very least a federal evidentiary hearing should have been held in this matter.

Claim Two: Suppression of Evidence, In this two part claim for relief concerning the suppression of evidence, petitioner first argued that the trial court suppressed evidence and this is directed at several trial court rulings, which he argues improperly limited or restricted defense evidence at trial, thereby denying him due process, a fair trial and the ability to present a complete defense. He also claims the prosecution suppressed evidence which is properly construed as a claim that the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Petitioner challenged three trial court rulings that he claims prevented him from exposing "the case corruption of Irwin and Gauthier and their lack of credibility". The first ruling involves numerous recorded phone conversations  between Lisa Gauthier and Detective Irwin. After many contested filings on the issue and a pretrial evidentiary hearing, the trial court allowed some, but not all of the recorded conversations into evidence. The second pretrial ruling prohibited

introduction of Lisa Gauthier's presumptive positive drug test results. The third ruling occurred during trial and excluded telephone records of phone calls made between Lisa Gauthier and Detective Irwin because they were not properly authenticated. Petitioner argued generally that the rulings denied him due process because he was unable to present his case of corruption to the jury or properly challenge the witnesses' credibility. The Magistrate denied here and/or recommended relief be denied stating that petitioner made no showing that the state court determination is contrary to, or involved an unreasonable application of Supreme Court precedent.

Again petitioner objects and disagrees with the magistrates proposed finding, and again argues that a federal evidentiary hearing should have been conducted.

<u>Claim Four</u>:   Prosecutorial misconduct in obtaining, reviewing and using defense counsel's defense work product. Denying relief on this claim also petitioner objects to the proposed findings and recommendation by the magistrate and contends that the magistrate had to take several leaps of logic to reach the proposed findings recommending that petitioner's federal habeas relief claims be denied with prejudice.

CONCLUSION

For all the above and foregoing reasons it is respectfully argued that the court should reject the magistrates proposed findings and argues that the Court should order that an evidentiary hearing be held in this Case.

Respectfully submitted

Larry Bickham (Pro SE*
#194310, Ash- 2
La. State Prison, Angola, La.

5.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the fore-going upon the Office of the District Attorney in and for the Parish of St. Tammany, State of Louisiana by placing a copy of the same in the U.S. Mail on this_____ day of_____2022.

Larry Bickham

RAY GUTIERREZ II
2718 HWY 1010
LABADIEVILLE, LA 70372

CLERKS OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS ST.
ROOM C-151
NEW ORLEANS, LA 70130

7013 3020 0007 0026



**eFile-ProSe**

| | |
|---|---|
| **From:** | Angola E-Filing <EML-FED-ANG-Printers@LA.GOV> |
| **Sent:** | Tuesday, October 4, 2022 12:00 PM |
| **To:** | eFile-ProSe |
| **Subject:** | Angola E-Filing |
| **Attachments:** | DOC #194310115918.pdf |

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1