# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 22, 2023
Lyle W. Cayce
Clerk

No. 23-30280

Larry Bickham,

> *Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

> *Respondent—Appellee*.

_____

Application for Certificate of Appealability
the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-2146

_____

UNPUBLISHED ORDER

Before Haynes, Willett, and Duncan, *Circuit Judges*.
Per Curiam:

    Larry Bickham, Louisiana prisoner #194310, requests a certificate of appealability (COA) to challenge the dismissal of his 28 U.S.C. § 2254 application. Bickham filed the § 2254 application to attack his convictions of second-degree cruelty to juveniles and cruelty to juveniles.

    Before this court, Bickham renews his claim that the evidence was insufficient to support his convictions, as well as his related claim regarding

No. 23-30280

an omitted jury instruction. He also renews his claim that trial court evidentiary rulings abridged his right to due process, his right to a fair trial, and his right to present a complete defense.

Although Bickham seeks to renew his claim of prosecutorial misconduct related to the State's alleged use of defense counsel's work product, because the claim is inadequately briefed, it is deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Likewise, because Bickham does little more than list his claim of prosecutorial misconduct as to allegedly undisclosed deals with State witnesses, as well as a claim pertaining to "corrupt and coercive evidence" that, he contends, supports his contention that a State witness was plotting to obtain custody of the juvenile victim, those claims are deemed abandoned. *See Hughes*, 191 F.3d at 613; *United States v. Ballard*, 779 F.2d 287, 295 & n.34 (5th Cir. 1986). To the extent Bickham's § 2254 application raised claims based on *Brady v. Maryland*, 373 U.S. 83 (1963), as he fails to raise any *Brady* claims in his COA filing, he has also abandoned such claims. *See Hughes*, 191 F.3d at 613.

To obtain a COA, Bickham must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, the district court has denied relief on the merits, a COA applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 5298 U.S. at 484. Bickham has not made the required showing.

Accordingly, Bickham's motion for a COA is DENIED. Because he has not satisfied the COA standard, we do not reach his contention that the district court erred by failing to conduct an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020).